IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS (Kansas City)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Tyler H. Scott ) | |
| Carrie J. Scott ) | Case No. 22-20466 |
|         Debtors, ) | Chapter 13 |
| _____ ) | |
|     v. ) | |
| ) | |
| American Credit Acceptance, LLC ) | |
| ) | |
|         Respondent, ) | |

## AMERICAN CREDIT ACCEPTANCE, LLC'S RESPONSE TO DEBTOR'S MOTION TO COMPEL CREDITOR, AMERICAN CREDIT ACCEPTANCE, LLC, TO RETURN DEBTORS' PROPERTY AND REQUEST FOR SANCTIONS

COMES NOW American Credit Acceptance, LLC, and for its Response to the Debtor's Motion to Compel Creditor, American Credit Acceptance, LLC, to return Debtors' Property and Request for Sanctions filed on March 1, 2024 states as follows:

1. Respondent admits the allegations contained in Paragraphs 2, 3, 4, and 5.

2. Respondent is without sufficient information to either admit or deny the allegations contained in paragraphs 1, 6 and 7 and therefore denies same and demand strict proof thereof.

3. Respondent disputes the reasonableness of damages requested in paragraph 8 and further states that the vehicle was returned to the Debtor on 11:30 am on Monday March 5th, that Respondent has investigated the circumstances surrounding the repossession and has provided its counsel with its findings (see paragraph 6, infra)

4. Paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18 are legal conclusions and therefore do not require admission or denial. Respondent states that the referenced legal authority speaks for itself. To the extent Plaintiff misstates, misquotes or mischaracterizes the authority, Respondent denies the allegations in Paragraphs 9 – 18.

5. Any pleadings, motions, papers or other filings submitted by Movant to this Court speak for themselves and Respondent denies any inferences or allegations that are inconsistent therewith.

6. Further Answering, Respondent states that it relies upon LexisNexis to provide Bankruptcy status notifications each day (with account numbers corresponding to individual ACA accounts). After this Motion was filed, Respondent undertook an investigation and discovered that on 2-2-2024, they received a dismissal code ("15") for the Debtor's account reflecting that the case had been dismissed (see highlighted screenshot below).

Case Disposition Definitions

| Disposition Code | Disposition Type | Description |
|---|---|---|
| 02 | New Filing | A case was started at the bankruptcy court. |
| 15 | Dismissal | The case was dismissed in court. |
| 20 | Discharged | The bankruptcy case is discharged. For a chapter 7 bankruptcy, the debtor is relieved from their debts that have not been reaffirmed. For a chapter 13 bankruptcy, the debtor completed the payment plan and is relieved of the remaining balances on their debts. |

7. Respondent initially assumed that the Lexis Nexus report had been misread by one of Respondents new employees when viewing the account on Lexis Nexus and misconstrued the filing of a Response to Motion for a Dismissal on February 2, 2024 as a Dismissal (i.e., that the inexperienced employee thought that the Response to the motion to dismiss was, in fact, a dismissal order.) It would then follow that the agent might have accidently coded this Bankruptcy as dismissed. (and removal from the "active bankruptcy list" triggering the issuance of a repossession order.)

8. Upon further review, Respondent determined that the error was actually the result of erroneous reporting by Lexis Nexis (see attached snapshot from Lexis Nexis representative

confirming that "(this issue)…was assigned to ticket BPRC-64519 for the research of account 90123991060 returning a dismissal. Upon my review, it was found that we had collected docket entries that showed there was an order granting the motion to dismiss the case on 1/31…PACER has since changed those docket entries to instead say "Order Granting *Motion to Modify Plan Payment…*Usually, PACER adds a new docket entry mentioning the correction, which would then result in a reinstated case (02 or 88 sent), but it appears this time they overwrote the prior entry text, so no reinstatement (was) sent…The case is (again) currently open…" (See Highlighted Screenshot below) The crux of this explanation is that LexisNexis collected and reported inaccurate data which Respondent relied upon.

I was assigned to ticket BPRC-64519 for the research of account 90123991060 returning a dismissal. Upon my review, it was found that we had collected docket entries that showed there was an order granting the motion to dismiss the case on 1/31.

PACER has since changed those docket entries to instead say "Order Granting *Motion to Modify Plan Payment*".

Usually, PACER adds a new docket entry mentioning the correction, which would then result in a reinstated case (02 or 88 sent), but it appears this time they overwrote the prior entry text, so no reinstatement can be sent.

The case is (again) currently open.

Upcoming PTO:

**Have a Great Day!**

**Thanks!**

**Shannon Berndt**
Sr. Production Support Analyst
Business Services
**LexisNexis Risk Solutions**

    9.    Respondent nevertheless acknowledges that the stay was violated but states that its conduct was the result of a very unfortunate series of events which resulted in the Debtor being deprived of her vehicle from Thursday afternoon March 1 to Monday at 11:30 am on March 5. Debtor is entitled to reasonable compensation for same. Her Counsel is entitled to reasonable

compensation for his time. But Respondent denies that it acted willfully and with the intention of harming the Debtor or flouting the protections afforded by the automatic stay.

10      Further Answering, Counsel for Respondent states that he will confer with counsel for Debtor in an effort to resolve the issue of damages and fees.

WHEREFORE, American Credit Acceptance, LLC prays that Debtor's Motion to Compel American Credit Acceptance, LLC, to Return Debtors' Property and Request for Sanctions be denied and for such other and further relief as the court deems just and equitable.

Respectfully submitted,

LEWIS RICE LLC

/s/*Michael P. Gaughan*
Michael P. Gaughan, #70120
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333
Fax: (913) 642-8742
mgaughan@lewisricekc.com
ATTORNEYS FOR
HYUNDAI CAPITAL AMERICA
DBA HYUNDAI MOTOR FINANCE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19 day of March, 2024, the following parties were served either by U.S. Mail, postage-prepaid or served electronically through ECF as shown below:

| | |
|---|---|
| Tyler H. Scott | Jeffrey L. Wagoner |
| Carrie J. Scott | 15095 W. 116th St. |
| 13120 Richland Ave., Apt. 4 | Olathe, KS 66062 |
| Bonner Springs, KS 66012 | Attorney for Debtors |
| Debtors | |

William H. Griffin
5115 Roe Blvd. Ste. 200
Roeland Park, KS 66205
Trustee

Respectfully submitted,
LEWIS RICE LLC

/s/*Michael P. Gaughan*

Michael P. Gaughan, 70120
10484 Marty Street
Overland Park, KS 66212
(913) 648-6333; Fax: (913) 642-8742
mgaughan@lewisricekc.com